UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A. C.B.,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>Respondents. | No. 1:26-cv-00934-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. Nos. 1, 2, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention.[1] (Doc. No. 1.)

This court has previously addressed the legal issues raised by Count One of the petition (Doc. No. 1 at 11–19). Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on

---

[1] Petitioner also filed a motion to proceed under a pseudonym. (Doc. No. 2.) Respondents did not file an opposition to that motion. Having considered the unopposed motion to proceed under pseudonym, the court finds that Petitioner has adequately alleged the sensitive and highly personal nature of the facts at issue in his petition. Further, the prejudice to Respondents appears to be minimal, and the public's interest in open judicial proceedings is not meaningfully impaired by permitting Petitioner to proceed under a pseudonym. Accordingly, the court will grant Petitioner's motion. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000).

1 bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. §
2 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter
3 at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-
4 cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary
5 restraining order and immediate release of the petitioner based on his likelihood of success on the
6 merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL
7 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL
8 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No.
9 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as
10 to the petitioner's due process claim).

11 On February 3, 2026, the court issued an order informing the parties that it was
12 considering ruling directly on the petition and asking both parties whether they oppose
13 simultaneous resolution of the motion for temporary restraining order and habeas petition. (Doc.
14 No. 5.) The court also directed Respondents to address whether there are any factual or legal
15 issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*,
16 *Labrador-Prato*, and *D.L.C*. (*Id.*)

17 On February 4, 2026, Respondents filed their opposition to Petitioner's motion for
18 temporary restraining order in which they oppose Petitioner's motion on the same grounds as
19 those addressed by the court in the aforementioned cases, but they acknowledge that "this case
20 poses the same legal issues as those cases." (Doc. No. 9 at 1.) Respondents further indicate that
21 they do not object to the court ruling directly on the petition and the motion for temporary
22 restraining order. (*Id.*) On February 5, 2026, Petitioner filed his reply indicating that he likewise
23 does not oppose the court ruling directly on Count One of the petition. (Doc. No. 10 at 2.)

24 Because Respondents have not made any new legal arguments and have not identified any
25 factual or legal issues in this case that would distinguish it from the court's aforementioned prior
26 decisions, the court will grant Petitioner's motion for temporary restraining order (Doc. No. 3)
27 and petition for writ of habeas corpus (Doc. No. 1) as to Count One for the reasons set forth in
28 /////

2

1 | the court's order in *Altin*.[2] Further, as the court found in *Altin*, the proper remedy for
2 | Respondents' failure to provide Petitioner with a constitutionally compliant pre-depravation bond
3 | hearing is Petitioner's immediate release. *Id.* at 12–13.
4 |     Accordingly,
5 |     1.    Petitioner's motion to proceed under a pseudonym (Doc. No. 2) is GRANTED;
6 |     2.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a
7 |     temporary restraining order (Doc. No. 3) are GRANTED as follows:
8 |         a.    Petitioner J. A. C.B. shall be released immediately from Respondents'
9 | custody with the same conditions he was subject to immediately prior to
10 | his detention on October 30, 2025. Respondents shall not impose any
11 | additional restriction on him, such as electronic monitoring, unless that is
12 | determined to be necessary at a future pre-deprivation/custody hearing;
13 |         b.    If the government seeks to re-detain Petitioner, it must provide no less than
14 | seven (7) days' notice to Petitioner and must hold a pre-deprivation bond
15 | hearing before a neutral arbiter, at which Petitioner's eligibility for bond
16 | must be considered; and
17 | /////
18 | /////
19 | /////
20 | /////
21 | /////
22 | /////

---

[2] Because the court is granting the petition on the due process claim (Count One), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, No. 3:25-cv-02405-RBM-AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Indeed, Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to Count One.

3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **February 5, 2026**   _____
Dena Coggins
United States District Judge

4